UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

U.S. BANK NATIONAL
ASSOCIATION, d/b/a U.S. BANK
EQUIPMENT FINANCE,

      Plaintiff,

      v.

SHEN SMILES, PC,

      Defendants.

CIVIL ACTION NO. 3:25-CV-01986

(SAPORITO, J.)

## MEMORANDUM

This matter comes before the Court on U.S. Bank National Association's ("U.S. Bank") motion to enter default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 9). The defendants have failed to appear before the Court and respond to the complaint. On December 10, 2025, U.S. Bank moved for entry of default against both defendants. (Doc. 5; Doc. 6). The Clerk of Court entered those defaults on December 11, 2025. (Doc. 7; Doc. 8). U.S. Bank has now moved for a default judgment against the defendants. (Doc. 9).

## I.    Background[1]

U.S. Bank brings two breach of contract claims concerning two different agreements between it and the defendants.

### A. First Agreement

On November 23, 2022, Dorrance Financial, LLC, d/b/a Clarion Financial ("Clarion"), as lender, and defendant Smiles, as borrower, entered into an equipment finance agreement ("7390 Agreement") where Clarion agreed to finance defendant Smiles's acquisition of various dental office equipment. To induce Clarion to enter into the 7390 Agreement, defendant Shen executed a continuing personal guaranty under which defendant Shen personally guaranteed the full and prompt payment and performances of all of defendant Smiles's obligations under the 7390 Agreement. Clarion financed defendant Smile's acquisition of dental equipment from Benco Dental, thereby fulfilling its primary obligation under the terms of the 7390 Agreement. On November 23, 2022, Clarion assigned the 7390 Agreement to U.S. Bank. That same day, defendant Smiles took possession of the dental equipment. U.S. Bank alleges that defendant Smiles has used, and continues to use, the dental equipment

---

[1] The facts are taken from the plaintiff's complaint. (Doc. 1).

to generate revenue for itself since November 2022.

Pursuant to the 7390 Agreement, defendant Smiles agreed to make sixty (60) monthly payments of $566.69 until its debt was paid off. U.S. Bank alleges that defendant Smiles has defaulted on the Agreement by failing to make all necessary payments, and that defendant Shen has failed to make the necessary payments as required by the personal guaranty. Therefore, the defendants' failure to make timely payments is an event of default under the 7390 Agreement. As a proximate result of the defendants' breach of the 7390 Agreement, U.S. Bank has alleged that it has suffered actual damages equal to the balance due under the 7390 Agreement: $20,279.04. Moreover, U.S. Bank also believes it is entitled to prejudgment interest at the contractual rate of twelve percent (12%).

### B. Second Agreement

On December 8, 2023, Clarion, as lender, and defendant Smiles, as borrower, entered into an equipment finance agreement ("8221 Agreement") where Clarion agreed to finance defendant Smiles's acquisition of various dental office equipment. To induce Clarion to enter into the 8221 Agreement, defendant Shen executed a continuing personal

guaranty under which defendant Shen personally guaranteed the full and prompt payment and performances of all of defendant Smiles's obligations under the 8221 Agreement. Clarion financed defendant Smile's acquisition of dental equipment from Benco Dental, thereby fulfilling its primary obligation under the terms of the 8221 Agreement. On December 8, 2023, Clarion assigned the 8221 Agreement to U.S. Bank. That same day, defendant Smiles took possession of the dental equipment. U.S. Bank alleges that defendant Smiles has used, and continues to use, the dental equipment to generate revenue for itself since December 2023.

Pursuant to the 8221 Agreement, defendant Smiles agreed to make eighty-one (81) monthly payments of $1,290.33 until its debt was paid off. U.S. Bank alleges that defendant Smiles has defaulted on the Agreement by failing to make all necessary payments, and that defendant Shen has failed to make the necessary payments as required by the personal guaranty. Therefore, the defendants' failure to make timely payments is an event of default under the 8221 Agreement. As a proximate result of the defendants' breach of the 8221 Agreement, U.S. Bank has alleged that it has suffered actual damages equal to the balance due under the

7390 Agreement: $87,337.04. Moreover, U.S. Bank also believes it is entitled to prejudgment interest at the contractual rate of twelve percent (12%).

## II.   Legal Standard

The entry of a default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. The entry of default "is a prerequisite to entry of a default judgment under Rule 55(b)." *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985). The Clerk of Court must enter a default against a defendant that has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). A plaintiff may move for a default judgment pursuant to Rule 55(b) only after default has been sought and entered by the Clerk under Rule 55(a). Fed. R. Civ. P. 55(a),(b)(2).

Nevertheless, the decision to enter a default judgment lies ultimately with the discretion of the district court. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Courts faced with a motion for default judgment consider the three *Chamberlain* factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay

is due to culpable conduct." *Id.* However, "when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)." *Asendia USA v. AdvancePost, Inc.*, No. 1:12-CV-2169, 2013 WL 877132, at \*1 (M.D. Pa. Mar. 8, 2013). Courts may even enter a default judgment "based solely on the fact that the default has occurred." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Even if a default judgment may be appropriate, however, the Court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Serv. Emps. Int'l Union Loc. 32BJ, Dist. 36 v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018). Nevertheless, while a defaulting party does not indeed admit those conclusions, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.  Discussion

As noted above, while courts normally apply the *Chamberlain* factors when faced with a motion for default judgment, "when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)." *Asendia USA*, 2013 WL 877132, at *1. Therefore, provided U.S. Bank's unchallenged facts constitute a legitimate cause of action, we will grant U.S. Bank's motion for default judgment. We need not undertake a significant analysis as we find that U.S. Bank has done so here.

A party asserting a breach of contract claim under Pennsylvania law must demonstrate: "(1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 521 (W.D. Pa. 2012). Here, U.S. Bank has attached the 7390 (Doc. 1-2) and 8821 (Doc. 1-5) Agreements to its motion for default judgment, and further attached both assignments from Clarion to U.S. Bank, giving U.S. Bank all rights, title, and interest

in those Agreements. (Doc. 1-3; Doc. 1-6). The Agreements show that the defendants held a duty to make necessary monthly payments. U.S. Bank asserts that the defendants have since failed to repay the money owed by those Agreements and has attached the defendants' pay history as support for that assertion. *See* (Doc. 9-1, at 16–21); (*Id.*, at 33–36). U.S. Bank has also attached documentation showing that it has suffered damages from the defendants' failure to perform its obligations in its monthly payments. In total, taking into consideration past due payments, late charges, discounted future payment balances, and pre-judgment interest, U.S. Banks asserts it is owed $22,426.78 under the 7390 Agreement and $97,873.61 under the 8221 Agreement. (Doc. 9-1, at 4); (*Id.*, at 8). Therefore, upon review of the record, we find that U.S. Bank's allegations constitute a legitimate cause of action. We will grant its motion for default judgment against the defendants.

## IV.   Conclusion

For the foregoing reasons, we will grant U.S. Bank's motion for default judgment against the defendants.

An appropriate order follows.

Dated: May 1, 2026                    *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States District Judge